IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

GEORGE MALLARD,                        )
                                       )
          Plaintiff,                   )
                                       )
v.                                     )   Case No. CIV-08-1030-D
                                       )
STATE OF OKLAHOMA, *et al.*,           )
                                       )
          Defendants.                  )

**REPORT AND RECOMMENDATION**

Mr. George Mallard sues under 42 U.S.C. § 1983 and state law based on his prison transfer. The Plaintiff's allegations fail to state a valid claim under Section 1983, warranting summary dismissal. Without a remaining federal claim, the Court should decline supplemental jurisdiction over the state law claim.

**Background**

Mr. Mallard was transferred from the Lexington Correctional Center ("LCC") to the Joseph Harp Correctional Center, which resulted in the loss of his prison job. The Plaintiff claims that prison officials had fraudulently created a "medical facility" at JHCC and transferred him to "cover up" the fraud.

**Necessity of Screening and the Applicable Standard**

Because the Plaintiff is suing governmental entities and employees, the Court must screen the federal cause of action to determine whether it states a valid claim. *See* Prison

Litigation Reform Act, 28 U.S.C. § 1915A(b)(1). Dismissal for failure to state a valid claim is proper only if Mr. Mallard fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1974 (2007).

## **Prison Transfer and Loss of Prison Job**

Mr. Mallard alleges that his transfer was unconstitutional and resulted in the loss of his prison job. According to the Plaintiff, loss of the prison job deprived him of his opportunity to earn good time credits, affecting his parole eligibility. The alleged transfer and job loss would not have violated the federal constitution.

The Fourteenth Amendment "Due Process Clause . . . [does not] protect a duly convicted prisoner against transfer from one institution to another within the state prison system." *Meachum v. Fano*, 427 U.S. 215, 225 (1976). And, Oklahoma's prison system did not create a protected liberty interest. *See Twyman v. Crisp*, 584 F.2d 352, 355-57 (10th Cir. 1978). Consequently, Mr. Mallard's transfer did not violate the constitution.

Likewise, the federal constitution "does not create a property or liberty interest in prison employment." *Ingram v. Papalia*, 804 F.2d 595, 596-97 (10th Cir. 1986). Thus, absent a state-created entitlement to a prison job, the loss of a prison job would not have violated the constitution. *See Templeman v. Gunter*, 16 F.3d 367, 370 (10th Cir. 1994).[1]

---

[1] Mr. Mallard relies on Okla. Stat. tit. 52 § 570.9 as entitlement for a prison job. But that statute governs the production rights of oil and gas owners. *See* Okla. Stat. tit. 52 § 570.9. This law is inapplicable.

Finally, Mr. Mallard complains only about his lost opportunity to earn credits and the potential effect on his parole date. But this allegation also fails to state a valid claim for relief.[2]

### State Law Claim

Mr. Mallard also raises a state law claim, alleging that prison officials have deceived the public and concealed their misconduct.

Federal law permits the Court to decline supplemental jurisdiction[3] over state law claims when "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Court should consider "'judicial economy, convenience, and fairness to the litigants'" in determining whether to exercise supplemental jurisdiction. *Olcott v. Delaware Flood Co.*, 76 F.3d 1538, 1550 (10th Cir. 1996) (citation omitted).

As discussed above, the Court should summarily dismiss Mr. Mallard's federal claims,[4] and the proceedings are at an early stage. Under these circumstances, the Court

---

[2] *See Johnson v. Ward*, 76 Fed. Appx. 858, 860 (10th Cir. Aug. 12, 2003) (unpublished op.) (rejecting a prisoner's claim that improper job termination had resulted in unconstitutional denial of an opportunity to earn good time credits); *see also Davis v. Ward*, 92 Fed. Appx. 634, 636-37 (10th Cir. Feb. 9, 2004) (unpublished op.) (demotion in a prisoner's classification level did not implicate a protected liberty interest because it concerned only the potential for good time credits and the possibility of an effect on his parole consideration).

[3] The complaint does not suggest diversity jurisdiction, as Mr. Mallard identifies all of the parties as Oklahoma citizens. *See* 28 U.S.C. § 1332(a)(1).

[4] *See supra* pp. 2-3.

should decline supplemental jurisdiction and dismiss the state law claim without prejudice to refiling.[5]

## Summary of Recommendations

On the Section 1983 claims, Mr. Mallard has failed to state a valid claim for relief. And because amendment could not cure the defects, the Court should order dismissal with prejudice. *See Curley v. Perry*, 246 F.3d 1278, 1282 (10th Cir. 2001) (because no amendment could cure the defect, the district court properly dismissed the complaint with prejudice).

On the state law claim, the Court should order dismissal without prejudice.

## Notice of Right to Object

Mr. Mallard can object to the present report and recommendation. Any such objection must be filed with the Clerk of this Court by December 8, 2008. *See* W.D. Okla. Local Civil Rule 72.1. The failure to timely object would foreclose appellate review of the suggested dismissal. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

## Docketing Instructions

The referral to the undersigned is not terminated.

---

[5] *See Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988) ("when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice" (footnote omitted)).

Entered this 18th day of November, 2008.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge