IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GEORGE MALLARD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-08-1030-D |
| STATE OF OKLAHOMA, *et al.*, | ) ) ) |
| Defendants. | ) |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by Magistrate Judge Robert E. Bacharach on November 18, 2008, pursuant to 28 U.S.C. § 636(b)(1). Upon initial review pursuant to 28 U.S.C. § 1915A, Judge Bacharach recommends summary dismissal of the Complaint for failure to state a valid claim under 42 U.S.C. § 1983 but recommends a dismissal without prejudice of any supplemental state law claims. Plaintiff has filed a timely objection, entitled "Petitioner Arguments Against Report and Recommendation" [Doc. No. 14], within the extended time period permitted by the Court. *See* Order 12/5/08 [Doc. No. 12]. Thus, the Court must make a *de novo* determination of portions of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff, an inmate appearing *pro se*, brings this action under 42 U.S.C. § 1983 seeking damages for alleged constitutional violations that occurred when he was transferred from the Lexington Correctional Center to the Joseph Harp Correctional Center on February 26, 2007. Plaintiff alleges that the wrongful transfer resulted in his removal from a prison job assignment in which he was earning "top pay" and had an opportunity to earn extra time credits. *See* Compl. at 6. In his objection, Petitioner clarifies his claims to be that prison officials violated his constitutional

right to due process and written policies of the Oklahoma Department of Corrections by transferring him without a valid reason, a health assessment, and other required procedures. *See* Objection at 4, 6. Plaintiff contends that Judge Bacharach wrongly concludes the Complaint does not state a due process claim and wrongly utilizes § 1915A to deprive Plaintiff of access to the courts.

Upon independent review of the issues and the case record, the Court fully concurs in Judge Bacharach's analysis and conclusions. Plaintiff had no property or liberty interest in maintaining his prison placement at Lexington Correctional Center or his prison job assignment, and thus no right of due process was implicated by his transfer and resulting removal from employment. *See Taylor v. Hargett*, No. 99-6102, 2000 WL 135172, *1 (10th Cir. Feb. 7, 2000)[1] (citing *Meachum v. Fano*, 427 U.S. 215, 229 (1976); *Ingram v. Papalia*, 804 F.2d 595, 596 (10th Cir.1986)*; Twyman v. Crisp*, 584 F.2d 352, 357 (10th Cir.1978)). Further, because this is a "civil action in which a prisoner seeks redress from a governmental entity," his Complaint is plainly subject to the screening provision of § 1915A(a) and the summary dismissal provision of § 1915A(b). *See* 28 U.S.C. § 1915A(a).

Upon review of the court record, the Court also notes that Plaintiff has previously brought a § 1983 action based on the same facts and asserting similar claims.[2] *See Mallard v. Lexington Correctional Center*, Case No. CIV-08-228-R (W.D. Okla. March 4, 2008). The prior action was dismissed for failure to state a claim and as frivolous. *See id.*, Order 5/7/08. The dismissal was not appealed, and the judgment is final. Thus, this subsequent action is barred by the doctrines of claim

---

[1] Unpublished opinions are cited pursuant to Fed. R. App. P. 32.1 and 10th Cir. R. 32.1(A).

[2] Plaintiff refers to this action in his Complaint (at p. 13-15). Also, the Court may take judicial notice of its own records. *See Davis v. Bacon*, 235 F. App'x 872, 873-74 (10th Cir. 2007); *see also St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir.1979) ("a court may, [s]ua sponte, take judicial notice of its own records").

and issue preclusion.  *See MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005) (stating elements of claim preclusion, which requires an identity of claims and parties); *Park Lake Res. Ltd. Liab. Co. v. United States Dep't of Agric.*, 378 F.3d 1132, 1136 (10th Cir. 2004) (stating elements of issue preclusion, which requires an identity of issues).  For this additional reason, Plaintiff's present § 1983 action should be summarily dismissed.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 9] is adopted in its entirety.  The Complaint is dismissed pursuant to 28 U.S.C. § 1915A for failure to state a valid claim under 42 U.S.C. § 1983; any supplemental state law claims are dismissed without prejudice.  Judgment shall be entered accordingly.

IT IS SO ORDERED this 16th day of January, 2009.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE